UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| | : | |
| SILAS HARRIS, | : | |
| Plaintiff, | : | |
| | : | Civil No. 3:21-cv-1331(AWT) |
| v. | : | |
| | : | |
| SCOTT SEMPLE, et al., | : | |
| Defendants. | : | |
| | : | |

RULING AND ORDER

The plaintiff, Silas Harris, moves the court for reconsideration of the ruling denying him leave to proceed in forma pauperis in this civil rights action.  For the reasons set forth below, the plaintiff's motion is being denied.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).  Reconsideration is warranted only if the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Great Am. Ins. Co. v. Zelik, 439 F. Supp. 3d 284, 286 (S.D.N.Y. 2020)

(quoting <u>Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.</u>, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted)).

When he filed his motion to proceed <u>in forma pauperis</u>, the plaintiff had $483.68 in his inmate account, more than sufficient funds to pay the filing fee.  He now states that his current balance is $284.85.  Inmate account activity after the complaint was filed is not information that the court overlooked when deciding the motion to proceed <u>in forma pauperis</u>.  As the plaintiff has not identified any controlling law or facts the court overlooked, the motion for reconsideration is being denied.

The court also considers the motion as a renewed motion to proceed <u>in forma pauperis</u>.  All litigants must make decisions about how to spend their money when they are contemplating litigation. "If every inmate were permitted to simply spend funds in the canteen to avoid paying a filing fee, the in forma pauperis review would be a waste of time and effort." <u>Briand v. State of Fla.</u>, No. 4:06cv104-WS, 2006 WL 1890189, at *1 (N.D. Fla. July 10, 2006); <u>see</u> <u>Vann v. Comm'r of N.Y. City Dep't of Corr.</u>, 496 F. App'x 113, 115 (2d Cir. 2012) ("Section 1915(e)(2)(A) serves the purpose of preventing abuse of the

judicial system by 'weed[ing] out the litigants who falsely understate their net worth in order to obtain in forma pauperis status when they are not entitled to that status based on their true net worth.'") (quoting Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997) (per curiam)); see also Lumbert v. Illinois Dep't of Corr., 827 F.2d 257, 260 (7th Cir. 1987).

Here, the plaintiff had sufficient funds to pay the filing fee when he filed this case.  Rather than paying the fee, he sought to proceed in forma pauperis.  Then, rather than waiting to see if his motion would be granted, he spent over $160.00 in the commissary and on other purchases.  As the plaintiff valued these items over his litigation, he is not entitled to in forma pauperis status in this case.

Courts have denied leave to proceed in forma pauperis where inmates had sufficient funds but chose to use the funds for other purposes before filing a motion to proceed in forma pauperis. See Martin v. United States, 317 F. App'x 869, 870-71 (11th Cir. 2008) (affirming denial of in forma pauperis application where district court found that prisoner had received $1,818 in deposits in the preceding six months but "chose to spend those funds on matters other than this litigation"); Brown v. Ruiz, No. 3:20-cv-1202(KAD), 2020 WL

6395480, at *1-2 (D. Conn. Nov. 2, 2020) (noting, in denying motion to proceed in forma pauperis, that plaintiff had received deposits in excess of $3,000.00 in the seven months before filing action but spent or sent funds out of facility to qualify for in forma pauperis status before filing complaint).

Although this situation is not exactly like those in the cited cases, it still demonstrates that the plaintiff chose to use his money for purchases rather than for this litigation. Thus, any renewed motion to proceed in forma pauperis also would be denied.

The plaintiff's motion for reconsideration [**ECF No. 9**] is hereby **DENIED**. If the plaintiff fails to deliver the filing fee on or before December 10, 2021, this case will be dismissed.

It is so ordered.

Signed this 19th day of November 2021 at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge